Dear Mr. Jenkins:
This office is in receipt of your opinion request wherein you ask the following:
 5) What are the methods of disposal that the Louisiana Department of Wildlife and Fisheries (herein after LDWF) Enforcement Division can use for firearms in cases in which there is a final disposition and the firearm has been held in excess of the two years qualification addressed in 56:62?
 6) What are the methods of disposal that LDWF Enforcement can use for firearms in cases where there is no disposition reported from the District Attorney and has been held in excess of the two years?
 7) What are the methods of disposal LDWF Enforcement can use for firearms in cases that have been forfeited by the court?
 8) Can LDWF Enforcement obtain three bids from separate licensed firearm dealers for duty weapons and exchange forfeited seized weapons in an exchange?
I will attempt to answer all of your questions by dividing the opinion into the following two issues:
1. Disposal of seized or forfeited weapons, and
 2. How much time must pass before LDWF can dispose of a seized or forfeited weapon.
Louisiana Revised Statutes 15:41 entitled: Disposition of property seized in connection with criminal proceedings, states in pertinent part:
 B. If there is a specific statute concerning the disposition of seized property, the property shall be disposed of in accordance with the provisions thereof.
In this case Louisiana Revised Statutes 40:1798 specifically addresses the disposal of firearms by law enforcement agencies. We will look at40:1798 rather than 56:62 for guidance because the former statute is more specific than the latter statute.
LRS 40:1798 provides in pertinent part:
 E. . . . the law enforcement agency shall dispose of the seized or forfeited firearm in accordance with the following provisions:
 (a) The law enforcement agency may retain and use the firearm.
 (b) The law enforcement agency may sell or donate the firearm to another law enforcement agency or may use the firearm as consideration or partial consideration in an exchange with another law enforcement agency.
 (c) The law enforcement agency may sell the firearm to a firearms dealer or a firearms manufacturer, or may use the firearm as consideration or partial consideration in an exchange with a firearms dealer or a firearms manufacturer, provided the firearms dealer or the firearms manufacturer is licensed to buy, sell, or trade that type of firearm.
(d) The law enforcement agency may destroy the firearm.
It should be noted that 40:1798 provides special provisions for certain seized or forfeited firearms that are contraband, and where the owner of the firearm was not involved in criminal activity. Consequently, the statute should be read in full.
It is the opinion of this office that LDWF should dispose of seized or forfeited firearms in accordance with 40:1798. I will now turn to the issue of how long a firearm must remain with the LDWF.
Any firearm in the custody of LDWF that is evidence in a pending criminal prosecution should not be disposed of until there is some final disposition in the criminal case. Also any firearm in the custody of LDWF that was evidence in a criminal prosecution where there has been a final disposition in the case shall be disposed of in accordance with LRS 40:1798.
Where there is no pending prosecution the firearm should remain in the custody of LDWF until the applicable time limitations for prosecutions has run. These time limitations can be found in the Louisiana Code of Criminal Procedure Art. 572, which provides in pertinent part:
 . . . no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment unless the prosecution is instituted within the following periods of time after the offense has been committed: (1) Six years, for a felony necessarily punishable by imprisonment at hard labor; (2) Four years, for a felony not necessarily punishable by imprisonment at hard labor; (3) Two years, for misdemeanor punishable by a fine or imprisonment or both; or (4) Six months, for a misdemeanor punishable only by a fine or forfeiture.
It is the opinion of this office that the LDWF must keep a seized or forfeited firearm until the applicable time limitation for prosecution has run in accord with Article 572. (cited above) Specific times can only be determined on a case by case basis. Further, any seized or forfeited firearm in the custody of the LDWF that is kept beyond the applicable time limitation for prosecution, where no prosecution has been instituted, can be disposed of in accordance with 40:1798. (cited above)
I hope this opinion adequately answers the questions asked. If I may be of further assistance, please don't hesitate to contact my office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ TOBY AGUILLARD ASSISTANT ATTORNEY GENERAL
TA/kw/jy
Date Released: December 9, 2002